[No. 581.   October 9, 1895.]

MAXWELL LAND GRANT & RAILWAY COM-
PANY et al., Appellees, v. GUADALUPE
THOMPSON, Administratrix, et al., Appel-
lants.

Affirmed upon same state of facts and conclusions reached in Bent et
al. v. Miranda et al., p. 78, ante.

Appeal, from a decree for complainants, from the
Fourth Judicial District Court, Colfax County.

Caldwell Yeaman, Wells, and McNeal & Tay-
lor for appellants.

Frank Springer for appellees.

Collier, J.—The history of events which pre-
ceded the filing of the bill in this case is minutely set
forth in the opinion of Justice Bradley in the case of
Thompson v. Maxwell, reported in 95 U. S. 391, and
the purpose of the filing of the bill upon which the
proceedings were had that were then before the supreme
court of the United States on appeal.   The bill then
before that court, being a bill of review, was held not
to be sustainable, as such a bill could not be used to
reverse, modify, and reconstruct the decree of Septem-
ber, 1866.   That court held, however, that "if,
instead of seeking to reverse the decree of September,
1866, the bill had sought to carry that decree more
effectually into execution, it would have been free
from legal objections, and equally conducive to the
object in view,—the quieting of the title to the land in
question."   That court, therefore, reversed the decree
on that bill, which had been in favor of the complain-

ants in the lower courts, with directions to allow them
to amend their bill as they should be advised, and
with liberty to the defendants to answer any new mat-
ter introduced therein, and that all the proofs in the
case shall stand as proofs upon any future hearing,
with liberty to either party to take additional proofs,
etc. An amended bill was then filed, which, by elim-
ination, changed it from a bill of review to a bill to
quiet in complainants the title to the property in con-
troversy. Upon the answer, practically the same
questions are raised as in the case of Bent v. Miranda
(decided at this term), the evidence in each case being
used in both, as per stipulation of counsel, who were
the same in both causes. A decision against the
appellants, who were complainants in that cause, must
logically conduce to an affirmance of the decree ren-
dered in favor of the complainants in this cause, and it
is so ordered. It is further ordered that this cause be
remanded to the district court of Colfax county, with
directions to carry said decree into effect.

LAUGHLIN, HAMILTON, and BANTZ, JJ., concur.